# IN THE COURT OF APPEALS OF IOWA

No. 17-1871
Filed November 21, 2018

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DREW ALLAN JOHNSON,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Bremer County, Peter B. Newell,

District Associate Judge.


        Defendant appeals his conviction for domestic abuse assault causing bodily

injury, enhanced.   **AFFIRMED IN PART, REVERSED IN PART, AND**

**REMANDED.**


        Andrew C. Abbott of Abbott Law Office, PC, Waterloo, for appellant.

        Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney

General, for appellee.


        Considered by Tabor, P.J., and Mullins and Bower, JJ.

**BOWER, Judge.**

Drew Johnson appeals his conviction for domestic abuse assault causing bodily injury, enhanced. We find there is substantial evidence in the record to support the jury's verdict in this case. We affirm Johnson's conviction for domestic abuse assault, but due to insufficiencies in the colloquy where he stipulated to a prior conviction, we reverse the determination this was a second offense and remand for further proceedings. In making this determination, we also vacate Johnson's sentence for domestic abuse assault, enhanced. On remand, upon the conclusion of proceedings concerning the prior conviction, Johnson should be resentenced.

### I.      Background Facts & Proceedings

Johnson was in a romantic relationship with A.G. and they lived together until shortly before June 21, 2016. On that date, Katie DeBoer gave A.G. a ride to the Super 8 Hotel in Waverly, where both women were employed. A.G. and Johnson had a verbal argument over the phone during the drive. When the women arrived in the hotel parking lot, Johnson was there. A.G. got out of the car before DeBoer. DeBoer testified when she walked toward the back of her car, she saw A.G. was on the ground with Johnson on top of her with his hand by her face. She stated she saw Johnson hit A.G. on the head. Johnson then left the parking lot in his vehicle.

Katherine Pitt, a manager at the Super 8, testified she heard "[s]creaming, beating on the door," and found A.G. outside. Pitt helped A.G., who was crying and upset, into the hotel. A.G. told Pitt her ex-boyfriend beat her up. Gary Phillips, also a manager at the hotel, testified he heard "an agonizing wail." He saw A.G.

was on the floor, had injuries, and was engaged in "painful crying." Phillips stated A.G. told him "Drew . . . just began hitting her and she tried to get away and ended up inside the front desk area." Pitt and Phillips observed A.G. had injuries. DeBoer, Pitt, and Phillips all called the police.

Lisa Barker, an EMT, testified A.G. was "very shaken up," "crying," and "shaking." A.G. told Barker her ex-boyfriend hit her. Barker observed A.G. had swelling on the bridge of her nose and multiple abrasions. Barker stated A.G. had "very recent wounds. They were open, oozing; the swelling had happened and there was no bruising."

Office Dave Lindley testified A.G. told him "Johnson had struck her in the head and/or the face." Office Lindley observed A.G. was crying and upset, and she had injuries. A.G. gave a written statement, which stated:

> I had been arguing with Drew on the phone all morning when the last phone call took place I hung up on him and before I knew it he pulled up behind me as I was walking in the door Drew hit me several times in the head. I do not know exactly how many times he did. I tried opening the door when I got to [the] front desk the cops were being called already by staff.

Officer Lindley talked to Johnson, who stated he struck A.G. on the shoulder. He also stated, "I am not innocent."

Johnson was charged with domestic abuse assault causing bodily injury, enhanced, in violation of Iowa Code section 708.2A(3)(b) (2016), an aggravated misdemeanor. The enhancement was based on the State's allegation Johnson had a previous conviction for domestic abuse assault.

A jury trial was held on July 27, 2017. At the time of the trial, A.G. and Johnson had reconciled and were again living together. A.G. testified Johnson

came to the Super 8 to get his house keys which she threw at him because she was mad. She stated Johnson "pushed me a little but it was more like a defense," when he was catching the keys. She agreed she had been upset and crying after her interaction with Johnson, but denied she had injuries. Johnson testified A.G. "threw the keys to me. I kind of went and blocked, you know. I brushed her shoulder with my hand and after that everybody was calling the cops and I leave." Johnson stated, A.G. "went to the ground more or less, you know, and yelling or screaming. She went to the office or something." Johnson stated he barely grazed A.G.'s shoulder with his fingertips. Johnson testified his statement about innocence referred to his life in general, not this specific situation.

The district court denied Johnson's motion for judgment of acquittal brought at the close of the State's evidence and renewed at the close of all the evidence. The jury found Johnson guilty of domestic abuse assault.

Johnson requested a separate trial on the issue of whether he had a previous conviction for domestic abuse assault, which would allow the present conviction to be enhanced to an aggravated misdemeanor. A trial was scheduled for August 3, 2017, and a jury was assembled, but Johnson decided at that time to stipulate he had been previously convicted of domestic abuse assault. The following exchange took place:

> The Court: Mr. Johnson, is that correct that you're willing to stipulate to that conviction?
> The Defendant: Yes.
> The Court: No one has threatened you in any way or put you under any kind of pressure in order to get you to make this decision?
> The Defendant: No.
> The Court: You're doing this voluntarily and of your own free will?

The Defendant: Yes. I said something in the courtroom last time and it didn't matter, but, yes, I am voluntarily.

The court asked the parties if any further record needed to be made and both indicated their satisfaction with the proceedings.

Johnson was sentenced to a term of imprisonment not to exceed two years. He now appeals his conviction.

## II.      Sufficiency of the Evidence

Johnson claims there is not sufficient evidence in the record to support his conviction for domestic abuse assault. He states the State did not present substantial evidence of an assault. Johnson concentrates on A.G.'s statements during the trial, which recanted her statements made at the time of the offense and her written statement. By looking only at A.G.'s testimony during the trial, he states there is not substantial evidence to show he committed domestic abuse assault.

We review claims challenging the sufficiency of the evidence to support a conviction for the correction of errors of law. *State v. Wickes*, 910 N.W.2d 554, 563 (Iowa 2018). We will uphold a verdict if it is supported by substantial evidence. *State v. Ortiz*, 905 N.W.2d 174, 180 (Iowa 2017). "Evidence is considered substantial if, when viewed in the light most favorable to the State, it can convince a rational jury that the defendant is guilty beyond a reasonable doubt." *State v. Ramirez*, 895 N.W.2d 884, 890 (Iowa 2017) (citation omitted).

We find there is substantial evidence in the record to support the jury's verdict in this case. DeBoer testified she saw Johnson hit A.G. on the head. Pitt, Phillips, Barker, and Officer Lindley all testified A.G. told them shortly after the incident Johnson hit her. Furthermore, in her written statement, A.G. stated, "Drew

hit me several times in the head. I do not know exactly how many times he did." We conclude Johnson's conviction for domestic abuse assault is supported by substantial evidence and should be upheld on appeal.

### III. Prior Conviction

Johnson claims the district court did not engage in a sufficient colloquy to inform him of the rights he was giving up during the separate proceeding where he stipulated to having a prior conviction for domestic abuse assault. Generally, in order to preserve error, a challenge to the colloquy should be raised in a motion in arrest of judgment. *See State v. Harrington*, 893 N.W.2d 36, 43 (Iowa 2017). Where a defendant has not been informed of the requirement to file a motion in arrest of judgment, however, a challenge to a colloquy is not precluded by the failure to file such a motion. *See State v. Fisher*, 877 N.W.2d 676, 680 (Iowa 2016). At the time the district court accepted Johnson's stipulation of prior conviction, the court did not inform him he was required to file a motion in arrest of judgment in order to challenge the colloquy on appeal. We conclude Johnson's challenge in this case is not barred by our rules concerning error preservation.[1]

In *Harrington*, 893 N.W.2d at 45, the Iowa Supreme Court stated a court should engage in a colloquy similar to that required in accepting a guilty plea when a defendant admits to prior felony convictions. The court must determine whether a defendant is fully cognizant of the rights the defendant is giving up by admitting to the prior conviction. *Harrington*, 893 N.W.2d at 45. A court must inform a

---

[1] The error preservation rule in *Harrington*, 893 N.W.2d at 43, applies prospectively only from the date the case was filed on April 7, 2017, and amended on June 14, 2017. The proceeding where Johnson stipulated to a prior conviction for domestic abuse assault occurred on August 3, 2017. We therefore conclude the error preservation rule applied.

defendant concerning (1) the nature of the habitual offender charge; (2) the maximum possible punishment, including the mandatory minimum punishment; (3) the trial rights the defendant is waiving; (4) no trial will take place if defendant admits to the convictions; and (5) a challenge to an admission must be raised in a motion in arrest of judgment. *Id.* at 45–46; *see also State v. Wade*, No. 16-0867, 2017 WL 2181450, at *5 (Iowa Ct. App May 17, 2017).

The requirements in *Harrington* apply when a defendant faces an enhanced penalty or a different classification of offense due to prior convictions. *State v. Brewster*, 907 N.W.2d 489, 494 (Iowa 2018); *see also State v. Coleman*, 907 N.W.2d 124, 147 (Iowa 2018) ("[W]e see no reason for treating a second offense enhancement . . . different from our rules governing the habitual offender enhancement given that both enhancements result from the defendant's admission to prior convictions, thereby leading to increased sentences.").

A first offense for domestic abuse assault is a serious misdemeanor, while a second offense is an aggravated misdemeanor. Iowa Code § 708.2A(3)(a), (b). Because Johnson would be subject to an enhanced penalty for a second conviction for domestic abuse assault, we determine the court should have conducted a colloquy under the guidelines of *Harrington*. The colloquy with Johnson was deficient in several respects. Johnson was not informed (1) the prior conviction was valid only if he was represented by counsel and there was a factual basis for the conviction; (2) the maximum possible punishment and the mandatory minimum punishment resulting from the admission; (3) the trial rights found in Iowa Rule of Criminal Procedure 2.8(2)(b)(4), which he was giving up by his admission; (4) there would be no trial due to his admission; and (5) any challenges to the

proceeding must be raised in a motion in arrest of judgment. *See Harrington*, 893 N.W.2d 45–46.

Based on the limited colloquy conducted by the district court to determine whether Johnson was aware of the consequences of his admission, we conclude he did not knowingly and voluntarily admit his prior conviction.

We affirm Johnson's conviction for domestic abuse assault but reverse the determination this was a second offense and remand for further proceedings pursuant to rule 2.19(9), dealing with questions involving prior convictions. *See Brewster*, 907 N.W.2d at 495. In making this determination, we also vacate Johnson's sentence for domestic abuse assault, enhanced. On remand, upon the conclusion of proceedings under rule 2.19(9), Johnson should be resentenced.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**